# Bailey *v.* The State.

*Permitting Minor to Play on Billiard Table.*

(Decided May 20, 1909. 49 South. 754.)

*Criminal Law; Evidence.*—To the question as to whether or not the defendant ever operated a billiard and pool table at Parrish, and the question: You say he operated a billiard or pool table there? to both of which the defendant objected, the witness answered: Yes, at Parrish; held a shorthand rendering of the facts are not the conclusions of the witness.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

From a conviction of permitting a minor to play upon a pool or billiard table, operated for the patronage of the public at large, Sam Bailey appeals. Affirmed.

LEITH & GUNN, for appellant.—The court erred in allowing the witness Jones to testify that the defendant operated a pool table.—*Ferguson v. The State,* 134 Ala.

[Bailey v. The State.]

70; *Holmes v. The State,* 136 Ala. 80; *Hill v. The State,* 137 Ala. 71; *Jackson v .The State,* 137 Ala. 80; *Morris v. The State,* 84 Ala. 57. The defendant should have been allowed to prove that the minors were working for themselves and not living with their parents as tending to show their maturity.—*Marshall v. The State,* 49 Ala. 21. The court erred in permitting the argument of the solicitor.—*Dollar v. The State,* 99 Ala. 236; *Hundley v. Chadwick,* 109 Ala. 575; *Fitzpatrick v. Bank of Montgomery,* 127 Ala. 589; *Davis v. City of Alexander,* 137 Ala. 206.

ALEXANDER M. GARBER, Attorney-General, for the State.

SAYRE, J.—The state put a question to a witness as follows: "Did Sam Bailey ever operate a pool or billiard table at Parish?" The defendant objected. Then, without an answer to the question, the witness seems to have answered other questions of different import. After which the state repeated the question in this form: "You say he operated a billiard or pool table there?" Over defendant's renewed objection the witness was permitted to answer: "Yes; at Parish." This court is of the opinion that the testimony here elicited was competent as a short hand rendering of the facts, and that there was no error in the ruling of the trial court.

A number of other exceptions were reserved at the trial. The court has considered them seriatim, and thinks they hardly need separate treatment here. No error has been found in the record, and the judgment of the trial court will be affirmed.

Affirmed.

DOWDELL, C. J. and SIMPSON and MAYFIELD, JJ., concur.